IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL,

      Plaintiff,                      No. CIV S-11-0253 MCE DAD PS

      v.

RAY GEORGE, et al.,             ORDER

      Defendants.

_____/

      Plaintiff, Peter Harrell, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The case was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

      The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. To state a claim on which relief may be

1

1  granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its
2  face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks
3  an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);
4  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

5          In considering whether a complaint states a cognizable claim, the court accepts as
6  true the material allegations in the complaint and construes the allegations in the light most
7  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co.
8  v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
9  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
10 lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as
11 true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
12 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

13         The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a
> short and plain statement of the grounds upon which the court's
> jurisdiction depends . . . , (2) a short and plain statement of the
> claim showing that the pleader is entitled to relief, and (3) a
> demand for judgment for the relief the pleader seeks.

17 Fed. R. Civ. P. 8(a).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary
18 appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993)
19 (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).  Federal courts are
20 courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.
21 Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S.
22 131, 136-37 (1992).  The burden of establishing jurisdiction rests upon the party asserting
23 jurisdiction.  Kokkonen, 511 U.S. at 377.  Lack of subject matter jurisdiction may be raised by
24 the court at any time.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95
25 (9th Cir. 1996).

26 /////

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. See generally W.W. SCHWARZER, A.W. TASHIMA & J.M. WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 2:5. Unless the complaint presents a plausible assertion of a substantial federal right, the federal court will not have federal question jurisdiction pursuant to 28 U.S.C. § 1331. Bell v. Hood, 327 U.S. 678, 682 (1945).

Plaintiff has been a party in several cases within this district.[1] In one of those matters, Harrell v. Oreck, et. al., 07-cv-0847 MCE CMK, plaintiff's civil complaint was dismissed after the court declined to exercise supplemental jurisdiction over his California state law claims.[2] In that matter, as well as every prior case plaintiff filed with this court, plaintiff provided a Yreka, California Post Office box number as his address. In fact plaintiff listed this same address in a July 28, 2009 correspondence to this court in Harrell v. Lemos, et. al., 05-cv-0420 GEB CMK. See 05-cv-0420 GEB CMK Docket Number 87. In this regard, it appears that plaintiff may have resided in California.

In the complaint filed January 27, 2011, and now pending before this court, plaintiff asserts that this court has diversity jurisdiction over his California state law claims pursuant to 28 U.S.C. § 1332. (Compl. (Doc. No. 1) at 1.) In this regard, plaintiff alleges that at "all times material, plaintiff was a citizen of the State of Oregon" and that at "all times material" the named defendants were citizens of the State of California. (Id.) Plaintiff now provides an Ashland, Oregon Post Office box number as his address.

---

[1] See Harrell v. Lemos, et. al., 04-mc-0413 GEB CMK; Harrell v. Lemos, et. al., 05-cv-0420 GEB CMK; Harrell v. Montgomery, et. al., 05-cv-1784 LKK CMK; Harrell v. Kepreos et. al., 06-cv-0849 MCE CMK; Harrell v. Murray, 06-cv-1701 LKK CMK; Harrell v. Oreck, et. al., 07-cv-0847 MCE CMK; Harrell v. CA Highway Patrol, et. al., 07-cv-1514 MCE CMK.

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    The factual allegations of plaintiff's complaint however concern events that
2    occurred in Hornbrook, California.³  For example, plaintiff alleges that on February 18, 2010, he
3    attempted to video tape a meeting of the Hornbrook Community Services District Board, in
4    Hornbrook, California.  (Id. at 2.)  Plaintiff also alleges that in September of 2010, defendant Ray
5    George accused plaintiff of willfully wasting water "at the location of his employment in
6    Hornbrook, California."  (Id.)

7    Moreover, in support of his application to proceed in forma pauperis, plaintiff
8    indicates that he owns "real property" that serves as his "primary residence" but does not indicate
9    in what state that property is located.  (Doc. No. 2 at 2.)  Plaintiff has also provided a January 21,
10   2011 "Direct Deposit Advice" from the State of California addressed to plaintiff's Ashland,
11   Oregon Post Office box.  (Id. at 3.)  That document indicates that plaintiff is paid by the State of
12   California for providing "In-Home Supportive Services" to Kimberly Olson, who resides in
13   Hornbrook, California.  (Id.)  In this regard, it appears that plaintiff continues to be employed in
14   California.

15   The party asserting jurisdiction bears the burden of proof.  Kanter v. Warner-
16   Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001).  "To demonstrate citizenship for diversity
17   purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the
18   United States."  Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986).  "A person's domicile is [his]
19   permanent home, where [he] resides with the intention to remain or to which [he] intends to
20   return. . . .  A person residing in a given state is not necessarily domiciled there, and thus is not
21   necessarily a citizen of that state."  Kanter, 265 F.3d at 857.  See, e.g., Weible v. United States,
22   244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a
23   compound of physical presence plus an intention to make a certain definite place one's
24   permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone,

---

³ Ashland, Oregon and Hornbrook, California are separated by approximately twenty-five miles.

as for instance where one is a wanderer over the earth.  Residence is not an immutable condition of domicile.").

A number of factors are relevant to the determination of an individual's domicile including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.  <u>Lew</u>, 797 F.2d at 750.  See also <u>Smith v. Simmons</u>, No. 1:05-cv-01187-OWW-GSA (E.D. Cal. Mar. 18, 2008).  "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed. . . . [and] a person's old domicile is not lost until a new one is acquired."  <u>Lew</u>, 797 F.2d at 750.

Here, based on the evidence before the court, it appears that plaintiff is a citizen of California and that this court lacks jurisdiction over his California state law claims based on diversity.  Plaintiff will be given an opportunity to file an amended complaint, if he believes he can establish diversity jurisdiction in light of the above analysis.[4]  If plaintiff elects to file an amended complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009).  "While legal conclusions can provide the complaint's

---

[4] Plaintiff is cautioned that Rule 11(b) (3) of the Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it- an ... unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

A violation of Rule 11(b) may result in the imposition of sanctions against plaintiff.

framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that any amended complaint he elects to file in this action must be complete in itself without reference to prior pleadings that have been dismissed. See Local Rule 220. The court cannot refer to prior pleadings in order to make plaintiff's first amended complaint complete. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Moreover, any amended complaint must set forth factual allegations describing the conduct and events which underlie his claims against each defendant named in the pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 27, 2011 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. The complaint filed January 27, 2011 (Doc. No. 1) is dismissed with leave to amend.

3. Within thirty days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended compliant must bear the case number assigned to this action and must be titled "Amended Compliant."

4. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: May 13, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\harrell253.ifp.ord