IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL,

      Plaintiff,                                    No. CIV S-11-0253 MCE DAD PS

      v.

RAY GEORGE, et al.,                       ORDER

      Defendants.

_____/

      Plaintiff, Peter Harrell, is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. The case was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). By order filed May 16, 2011, the undersigned directed plaintiff to file an amended complaint and to clarify whether he is a citizen of the state of Oregon for purposes of diversity jurisdiction. In response, plaintiff filed an amended complaint, a memorandum addressing his Oregon citizenship, and request to file documents under seal along with various documents. (Doc. Nos. 5, 5-1 and 6.)

      Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court orders an unredacted version filed under seal, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Id. "Historically, courts have recognized a

1

'general right to inspect and copy public records and documents, including judicial records and documents.'" The Ninth Circuit has addressed the standards governing motions to seal documents, explaining that:

> Two standards generally govern motions to seal documents like the one at issue here. First, a "compelling reasons" standard applies to most judicial records. See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that "[a] party seeking to seal a judicial record ... bears the burden of ... meeting the 'compelling reasons' standard"); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135-36 (9th Cir. 2003). This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." Kamakana, 447 F.3d at 1178 (citation and internal quotation marks omitted). To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." Id. at 1178-79 (internal quotation marks and citations omitted).
>
> ***
>
> The relevant standard for purposes of Rule 26(c) is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002). This "good cause" standard presents a lower burden for the party wishing to seal documents than the "compelling reasons" standard. The cognizable public interest in judicial records that underlies the "compelling reasons" standard does not exist for documents produced between private litigants. See Kamakana, 447 F.3d at 1180 (holding that "[d]ifferent interests are at stake with the right of access than with Rule 26(c)"); Foltz, 331 F.3d at 1134 ("When discovery material is filed with the court ... its status changes.").
>
> The "good cause" standard is not limited to discovery. In Phillips, we held that "good cause" is also the proper standard when a party seeks access to previously sealed discovery attached to a nondispositive motion. 307 F.3d at 1213 ("when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted"). Nondispositive motions "are often 'unrelated, or only tangentially related, to the underlying cause of action,'" and, as a result, the public's interest in accessing dispositive materials does "not apply with equal force" to non-dispositive materials. Kamakana, 447 F.3d at 1179. In light of the weaker public interest in nondispositive materials, we apply the "good cause" standard when

> parties wish to keep them under seal. Applying the "compelling interest" standard under these circumstances would needlessly "undermine a district court's power to fashion effective protective orders." Foltz, 331 F.3d at 1135.

Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010) (footnote omitted).

Here, the "good cause" standard applies to plaintiff's request to file under seal because the documents plaintiff is seeking to have filed under seal are nondispositive materials and are not judicial records. While the documents contain personal and sensitive information, such as plaintiff's Social Security number, Driver's License number, and college student ID number, plaintiff has partially redacted that information. Nonetheless, out of an abundance of caution plaintiff's request to have these documents filed under seal will be granted.

Turning to plaintiff's amended complaint, under 28 U.S.C. § 1915(e)(2), the court must dismiss the complaint at any time if the court determines that the pleading is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as

true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

With respect to jurisdiction, in the amended complaint filed May 24, 2011, plaintiff asserts that this court has diversity jurisdiction over his California state law claims pursuant to 28 U.S.C. § 1332. (Am. Compl. (Doc. No. 6) at 1.) In this regard, plaintiff alleges that at "all times material, plaintiff was a citizen of the State of Oregon" and that at "all times material" the named defendants were citizens of the State of California. (<u>Id.</u> at 1-2.) Plaintiff also repeatedly alleges in his amended complaint that he is "entitled to recover of Defendants . . . exemplary and punitive damages, in the sum of $80,000." (<u>Id.</u> at 4-8.)

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state ... as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "Where the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.'" <u>Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka</u>, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting <u>Crum v. Circus Circus Enterprises</u>, 231 F.3d 1129, 1131 (9th Cir. 2000)). "The amount in controversy alleged by the proponent of federal jurisdiction-typically the plaintiff in the substantive dispute-controls so long as the claim is made in good faith." <u>Lhotka</u>, 599 F.3d at 1106. "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the

4

1 jurisdictional amount." Crum, 231 F.3d at 1131 (internal quotation omitted). "This is called the
2 'legal certainty' standard, which means a federal court has subject matter jurisdiction unless
3 'upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount.'"
4 Lhotka, 599 F.3d at 1106 (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S.
5 283, 292 (1938).

6       Here, the undersigned is concerned as to whether plaintiff's allegations regarding
7 the amount in controversy in this action have been made in good faith or merely in order to
8 invoke federal jurisdiction over purely state law claims. See Riggins v. Riggins, 415 F.2d 1259,
9 1260 (9th Cir. 1969) ("[T]he claim must appear to be in good faith and not fictitiously asserted
10 simply to allege a sum sufficient for federal jurisdiction."). In this regard, while plaintiff
11 repeatedly asserts in his amended complaint that he is entitled to at least $80,000 from the
12 defendants, his amended complaint provides no information or elaboration with respect to actual
13 damages, if any, plaintiff claims to have suffered. For example, plaintiff does not allege that as a
14 result of the defendants' conduct he lost wages, incurred legal fees or medical bills, or incurred
15 other expenses. Additional and more specific allegations regarding the amount in controversy in
16 this action in which plaintiff alleges only state law claims will be required.

17       In addition, the court finds the substantive allegations of plaintiff's amended
18 complaint to be too vague and conclusory to state a claim upon which relief can be granted. For
19 example, plaintiff alleges that "Ray George, along with the named co-defendants" circulated a
20 petition to the residents of Hornbrook, California. (Am. Compl. (Doc. No. 6) at 3.) Plaintiff
21 asserts that the petition, which plaintiff has attached to his amended complaint as Exhibit A,
22 "states and implies that [p]laintiff has exerted illegal undue influence on a public official, stolen
23 or damaged public property, public records, unlawfully interfered with public business, and/or
24 acted to corrupt a public official." (Id.) Plaintiff does not however cite in his amended
25 complaint any specific statement from the attached petition and explain how that statement is
26 /////

false and/or defamatory. Instead, plaintiff merely characterize the petition in its entirety as "false, defamatory per se [and as] painting [plaintiff] in [a] false light." (Id.)

Similarly, plaintiff alleges that he was "advised that [d]efendant George, while distributing and collecting signatures for the petition, told persons within the community . . . that plaintiff had been arrested for 'transporting marijuana for sale between Hornbrook and Medford.'" (Id.) Plaintiff however does not state that George's alleged statement is false nor does he allege any facts as to when, where and to whom George allegedly made such statements.

Moreover, plaintiff does not allege that any specific defendant engaged in defamatory conduct aside from Ray George. Instead, in his complaint plaintiff frequently refers to the other eight named defendants simply as a group. For example, in his amended complaint plaintiff refers to the actions of George and "several other persons," "[d]efendant George and his accomplices," and "Ray George, along with the named co-defendants." (Am. Compl. (Doc. No. 6) at 2-3.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Accordingly, plaintiff's amended complaint will be dismissed for failure to state a claim upon which relief can be granted.

/////

1        The undersigned has carefully considered whether plaintiff may further amend his complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

       Here, because of the vague and conclusory nature of the allegations found in plaintiff's amended complaint the court cannot say that it appears beyond doubt that further leave to amend would be futile.  Plaintiff's first amended complaint will therefore be dismissed, and he will be granted further leave to file a second amended complaint.

       Plaintiff is cautioned however that, if he elects to file a second amended complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 1951 (quoting Twombly, 550 U.S. at 557).

/////

Plaintiff is also advised that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff's amended complaint must include concise but complete factual allegations describing the conduct and events which underlie the claims against each defendant named in the pleading.

Finally, plaintiff is advised that pursuant to Local Rule 131(a), the name, address, and telephone number of a party appearing in propria persona shall appear in the upper left-hand corner of the first page of each document presented to the court for filing. Plaintiff did not list his telephone number on the upper left-hand corner of the first page of his original complaint or his first amended complaint. (Doc. Nos. 1 and 6.) Plaintiff shall comply with Local Rule 131(a), and all Local Rules of Practice, in all future filings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 24, 2011 request to file documents under seal (Doc. No. 5) is granted. The Clerk of the Court is directed to file under seal the documents attached to plaintiff's May 24, 2011 request (Doc. No. 5).

2. The amended complaint filed May 24, 2011 (Doc. No. 6) is dismissed with leave to amend.

3. Within thirty days from the date of this order, a second amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint."

/////

4. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: June 23, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\harrell253.lta2.ord