IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL,

    Plaintiff,                            No. CIV S-11-0253 MCE DAD PS

    v.

RAY GEORGE, et al.,                  ORDER DIRECTING CLERK TO
                                                      SEND MATERIALS FOR SERVICE,
    Defendants.                        AND REQUIRING SERVICE BY
                                                      UNITED STATES MARSHAL
_____/

        Plaintiff, Peter Harrell, is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. The case was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is plaintiff's second amended complaint.

        Under 28 U.S.C. § 1915(e)(2), the court must dismiss the complaint at any time if the court determines that the pleading is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at

1  327; 28 U.S.C. § 1915(e).

2  To state a claim on which relief may be granted, the plaintiff must allege "enough
3  facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550
4  U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court
5  accepts as true the material allegations in the complaint and construes the allegations in the light
6  most favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg.</u>
7  <u>Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242,
8  1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
9  lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the court need not accept as
10 true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western</u>
11 <u>Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

12 The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

16 Fed. R. Civ. P. 8(a).

17 Here, as to defendants Clay Sloan, Ron Cox, Beverly Cox, Lawrence Frye,
18 Barbara Kirk, Shirley Fraley, Virginia Pelsor, and Kenneth Buttram, the court finds that plaintiff
19 has not alleged sufficient facts to state a claim that is plausible on its face.  Specifically, plaintiff
20 has not alleged facts demonstrating that any of these named individual defendants engaged in any
21 defamatory conduct.  Instead, plaintiff simply refers to the alleged wrongful conduct of these
22 defendants collectively, and in a conclusory manner, without alleging any facts addressing their
23 individual actions.  In this regard, in his second amended complaint plaintiff simply refers to the
24 actions of "the defendants," Ray George and "the other named defendants,"
25 "Ray George, along with the named co-defendants," and "Ray George and each of the other
26 named defendants."  (Sec. Am. Compl. (Doc. No. 10) at 5-10.)

1         Once again, plaintiff is advised that in a complaint each defendant must be listed
2 in the caption and identified in the body of the complaint, and each claim and the involvement of
3 each defendant must be sufficiently alleged. The complaint must include concise but complete
4 factual allegations describing the conduct and events which underlie the claims against each
5 defendant named in the pleading. Although the Federal Rules of Civil Procedure adopt a flexible
6 pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must
7 allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2);
8 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers
9 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'
10 Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
11 enhancements.'" Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting
12 Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of
13 particularity overt acts which the defendants engaged in that support the plaintiff's claims.
14 Jones, 733 F.2d at 649.

15         Plaintiff has however alleged sufficient facts to make out cognizable claims of
16 defamation, false light, the negligent infliction of emotional distress and the intentional infliction
17 of emotional distress against defendant Ray George.

18         Accordingly, IT IS HEREBY ORDERED that:

19     1. The Clerk of the Court is directed to issue process and to send plaintiff an
20 instruction sheet for service of process by the United States Marshal, one USM-285 form, one
21 summons form, and an endorsed copy of plaintiff's second amended complaint filed July 19,
22 2011. (Doc. No. 10.)

23     2. Within thirty (30) days after this order is served, plaintiff shall submit to the
24 United States Marshal a properly completed USM-285 form, a properly completed summons
25 form, and the number of copies of the endorsed complaint and of this order required by the
26 United States Marshal; the required documents shall be submitted directly to the United States

1  Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 I Street,
2  Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).
3              3.  Within ten (10) days after submitting the required materials to the United
4  States Marshals Service, plaintiff shall file with this court a declaration stating the date on which
5  he submitted the required documents to the United States Marshal.  Failure to file the declaration
6  in a timely manner may result in an order imposing appropriate sanctions.
7              4.  Within thirty (30) days after receiving the necessary materials from plaintiff,
8  the United States Marshal is directed to serve process on defendant Ray George, without
9  prepayment of costs.
10  DATED: August 4, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\harrell253.serve.ord