IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL,

    Plaintiff,                   No. CIV S-11-0253 MCE DAD PS

    v.

RAY GEORGE, et al.,               <u>ORDER</u>

    Defendants.

_____/

    Plaintiff, Peter Harrell, is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. The case was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

    On May 16, 2011, the undersigned granted plaintiff's motion to proceed in forma pauperis. (Doc. No. 4.) On August 5, 2011, the undersigned directed the United States Marshal to serve defendant Ray George, without prepayment of costs. (Doc. No. 13.) On February 16, 2012, the United States Marshals Service, Civil Division ("Marshal") requested reimbursement of its expenses incurred in connection with its personal service on defendant George. (Doc. Nos. 36 & 37.)

/////

/////

1

Rule 4 of the Federal Rules of Civil Procedure provides, in relevant part:

> (1) Requesting a Waiver.  An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. . . .
>
> (2) Failure to Waive.  If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> > A) the expenses later incurred in making service; and
> >
> > (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1)-(2).

According to the USM-285 form filed by the Marshal, on September 27, 2011, a request for written waiver of service was mailed to defendant George. (Doc. No. 36.)  On January 26, 2012, having not received defendant George's written waiver of service, the Marshal personally served defendant George and incurred costs in doing so.[1]  (Id.)

Accordingly, IT IS HEREBY ORDERED that:

1. Within 30 days of the date of service of this order, defendant George shall either: (a) show good cause why he failed to waive service, or (2) pay to the United States Marshals Service the costs of personal service reflected on the USM-285 form associated with the service of defendant George.  If defendant Georges chooses to pay the costs rather than show good cause, he shall promptly notify the court of such payment.

/////

/////

---

[1] According to the USM-285 filed by the Marshal, the total cost to serve defendant George was $849.20. (Doc. No. 36.)

2. The Clerk of Court shall serve a copy of this order on the United States Marshals Service.

DATED: August 17, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\harrell0253.service.costs.ord