IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL,

    Plaintiff,　　　　　　　　　　　　No. CIV S-11-0253 MCE DAD PS

    v.

RAY GEORGE, et al.,　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

    This matter came before the court on February 10, 2012, for hearing of a motion to strike plaintiff's second amended complaint brought on behalf of defendant Ray George. Attorney Patrick Deedon appeared telephonically on behalf of defendant Ray George. No appearance was made by, or on behalf of, plaintiff Peter Harrell, who is proceeding pro se.[1] Oral argument was heard, and defendant's motion was thereafter taken under submission.

BACKGROUND

    Plaintiff commenced this action on January 27, 2011, by filing a complaint and a request to proceed in forma pauperis. (Doc. Nos. 1 & 2.) On May 16, 2011, plaintiff's request to proceed in forma pauperis was granted, the original complaint was dismissed and plaintiff was

---

[1] On February 8, 2012, plaintiff filed with the court a "WAIVER OF ORAL ARGUMENT." (Doc. No. 34.)

granted thirty days leave to file an amended complaint. (Doc. No. 4.) On May 24, 2011, plaintiff filed a first amended complaint. (Doc. No. 6.) On June 24, 2011, the first amended complaint was dismissed and plaintiff was granted thirty days leave to file a second amended complaint. (Doc. No. 8.) Plaintiff filed a second amended complaint on July 19, 2011. (Sec. Am. Compl. (Doc. No. 10.))

In his second amended complaint plaintiff alleges that in the summer of 2010, defendant George published and circulated a petition for the removal of Larry Schultz as the Chairman of the Hornbrook Community Service District Board ("HCSD"). (Id. at 2, 18.[2]) According to the second amended complaint, the petition attributed and implied "a great deal of nefarious, potentially criminal, and defamatory conduct to the Plaintiff," including allegations that plaintiff exerted illegal or undue influence over a public official, stole or destroyed public property and public records, and interfered with public business. (Id. at 2-3.) Plaintiff alleges that "all of which such claims" are "completely false" and paint plaintiff in a "false light." (Id. at 2.)

Attached to the second amended complaint as "Exhibit A" is a copy of the referred to petition, (id. at 16-18), which plaintiff has "incorporated as if fully set forth" within the second amended complaint. (Id. at 2.) Although the criticisms found in the petition are primarily directed at Schultz and his actions as chairman of the HCSD, with respect to plaintiff, the petition states that Schultz's acts were directed by plaintiff, who "is not even a California citizen," that plaintiff has a history of filing lawsuits against "anyone who does not act" as he wishes, that Schultz participated in the "harassment when "threats were made" by plaintiff," that plaintiff's lawsuits have "frightened away" many members of the community from attending HCSD meetings and that plaintiff instigated Schultz's verbal abuse directed at a HCSD bookkeeper. (Id. at 16-18.)

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

The second amended complaint also alleges that while circulating this petition, defendant George told Roger Gifford that plaintiff "had been arrested during the summer of 2010 for transporting marijuana for sale between Hornbrook and Medford." (Id. at 3.) The second amended complaint alleges that this allegation is "completely false." (Id. at 2.)

On August 5, 2011, the undersigned found that plaintiff's second amended complaint stated cognizable claims of defamation, false light, the negligent infliction of emotional distress and the intentional infliction of emotional distress against defendant Ray George, and ordered the United States Marshal to serve process on that defendant.[3] (Doc. No. 13.)

On November 16, 2011, defendant George filed the pending motion to strike pursuant to California Code of Civil Procedure § 425.16 on the grounds that the allegations of plaintiff's second amended complaint "arise out of defendant's exercise of his right to free speech under the State and Federal Constitutions in a public forum, in connection with an issue of public interest," and that plaintiff cannot show a probability of prevailing on his claim. (MTS (Doc. No. 18) at 1-2; (Doc. No. 18-1) at 9-16.) Defendant George seeks an order striking the second amended complaint, as well as an award of costs and attorney fees. (MTS (Doc. No. 18-1) at 14.) Plaintiff filed an opposition to defendant's motion on January 19, 2012, (Pl.'s Opp.'n (Doc. No. 27)), and defendant filed a reply on February 3, 2012. (Reply (Doc. No. 31.))

## LEGAL STANDARDS

California Code of Civil Procedure § 425.16(b)(1), (also know as the "anti-SLAPP statute") provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has

---

[3] The second amended complaint alleges that this court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

established that there is a probability that the plaintiff will prevail
on the claim.

See Manufactured Home Communities, Inc. v. County of San Diego, 655 F.3d 1171, 1176 (9th Cir. 2011). California's anti-SLAPP law is aimed at curtailing civil actions designed to deter private citizens from exercising their rights of free speech. U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 970 (9th Cir. 1999). The Ninth Circuit permits anti-SLAPP motions in federal court directed at state law claims such as that asserted by plaintiff against defendant George in this action. Id. at 973; see also Verizon Delaware, Inc. v. Covad Communications Co., 377 F.3d 1081, 1091 (9th Cir. 2004) ("We have previously confirmed that defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail.").

"However, '[s]pecial procedural rules apply where an anti-SLAPP motion is brought in federal court.'" Thornbrough v. Western Placer Unified School District, No. 2:09-cv-02613-GEB-GGH, 2010 W L 2179917, at *3-4 (E.D. Cal. May 27, 2010) (quoting Lauter v. Anoufrieva, 642 F. Supp.2d 1060, 1109 (C.D. Cal. 2009)). See also Robinson v. Alameda County, No. C-12-00730 (JCS), 2012 WL 2367821, at *15 (N.D. Cal. June 21, 2012); Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc., 448 F. Supp.2d 1172, 1180 (C.D. Cal. 2006)); but see Verizon Delaware, Inc., 377 F.3d at 1091 ("[P]rocedural state laws are not used in federal court if to do so would result in a direct collision with a Federal Rule of Civil Procedure . . . .").

If a defendant makes an anti-SLAPP motion based on the
plaintiff's failure to submit evidence to substantiate its claims, the
motion is treated as a motion for summary judgment, and discovery
must be developed sufficiently to permit summary judgment under
Rule 56. This is because to permit a defendant to invoke the Anti-
SLAPP statute to require a plaintiff to present evidence to support
his claims before an opportunity for discovery would directly
conflict with Federal Rule of Civil Procedure 56. If an anti-SLAPP
motion is based on legal deficiencies in the complaint, a federal
court must determine the motion in a manner that complies with
the standards set by Federal Rules 8 and 12.

1   Lauter, 642 F. Supp.2d at 1109 (quotation and citations omitted) (denying an anti-SLAPP motion
2   to dismiss or strike without prejudice because discovery had not closed).  See also Condit v.
3   National Enquirer, Inc., 248 F. Supp.2d 945, 953 (E.D. Cal. 2002) ("A special motion to strike
4   under section 425.16 can be based on any defect in the Complaint, including legal deficiencies
5   addressable on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), or a failure to
6   support a stated claim with evidence, analogous to a motion for summary judgment under Fed. R.
7   Civ. P. 56.").

8           Here, "since this action is still in its infancy, requiring Plaintiff to present
9   evidence to support his claims without the opportunity for discovery would directly conflict with
10  Federal Rule of Civil Procedure 56."  Thornbrough, 2010 WL 2179917, at * 4.  See also Rogers
11  v. Home Shopping Network, Inc., 57 F. Supp.2d 973, 980 (C.D. Cal. 1999) ("If a defendant
12  desires to make a special motion to strike [under section 425.16] based on the plaintiff's lack of
13  evidence, the defendant may not do so until discovery has been developed sufficiently to permit
14  summary judgment under Rule 56.").  Therefore, the pending motion brought on behalf of
15  defendant George will be evaluated as a challenge to the legal sufficiency of plaintiff's complaint
16  under Rule 8 and Rule 12 of the Federal Rules of Civil Procedure.

17          Evaluating a motion made pursuant to the anti-SLAPP statute "requires a two-part
18  analysis: (1) the defendant must make a prima facie showing that the suit arises 'from an act in
19  furtherance of the defendant's rights of petition or free speech'; and (2) once the defendant
20  makes this showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing
21  on the challenged claims.'"  Roberts v. McAfee, Inc., 660 F.3d 1156, 1163 (9th Cir. 2011)
22  (quoting Mindys Cosmetics, Inc. v. Dakar, 611 F.3d 590, 595 (9th Cir. 2010).  See also Equilon
23  Enterprises v. Consumer Cause, Inc., 29 Cal.4th 53, 67 (Cal. 2002).

24          An "act in furtherance of a person's right of petition or free speech" includes:
25          1) any written or oral statement or writing made before a
            legislative, executive, or judicial proceeding, or any other official
26          proceeding authorized by law;

>  (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law;
>
>  (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest;
>
>  (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Mindys, 611 F.3d at 595-96 (quoting Cal. Civ. Proc. Code § 425.16(e)). "'In the anti-SLAPP context, the critical consideration is whether the cause of action is based on the defendant's protected free speech or petitioning activity.'" In re Episcopal Church Cases, 45 Cal.4th 467, 477-78 (Cal. 2009) (quoting Navellier v. Sletten, (2002) 29 Cal.4th 82, 89 (2002)). See also City of Cotati v. Cashman, 29 Cal.4th 69, 78 (Cal. 2002) ("[T]he critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech.").

"[T]he validity of the speech or petitioning activity is ordinarily not a consideration in analyzing the 'arising from' prong." M.F. Farming, Co. v. Couch Distributing Co., 207 Cal. App.4th 180, 195 (2012). In this regard, a defendant "need not establish that its action is constitutionally protected; rather, it must make a prima facie showing that plaintiff's claim arises from an act taken to further defendant's rights of petition or free speech in connection with a public issue." Price v. Operating Engineers Local Union No. 3, 195 Cal. App.4th 962, 970 (2011). "[T]he courts of California have interpreted this piece of the defendant's threshold showing rather loosely." Hilton v. Hallmark Cards, 599 F.3d 894, 904 (9th Cir. 2010).

/////
/////
/////

ANALYSIS

I. <u>Act in Furtherance of Defendant's Rights of Petition or Free Speech</u>

Plaintiff's second amended complaint presents causes of action against defendant George for defamation and false light, the negligent infliction of emotional distress and the intentional infliction of emotional distress based on defendant George's alleged defamatory conduct. The allegations supporting those causes of action implicate two different actions by defendant George that could potentially constitute defamatory conduct against plaintiff; the alleged circulation of the petition for removal ("petition"), and George's alleged statement to Roger Gifford that plaintiff had been arrested during the summer of 2010 for transporting marijuana for sale between Hornbrook and Medford ("statement"). Defendant George argues that plaintiff's causes of action arise from acts in furtherance of defendant's rights of petition and free speech in connection with a public issue. (MTS (Doc. No. 18-1) at 6.)

Defendant George's circulation of the petition and his statement to Roger Gifford are clearly conduct in furtherance of defendant's right of petition and right of free speech. See <u>Greater La Agency on Deafness v. Cable News Network, Inc.</u>, No. C 11-03458 LB, 2012 WL 994647, at *8 (N.D. Cal. Mar. 23, 2012) ("California courts protect acts - even illegal or offensive actions - that are geared toward producing speech (so long as the speech involves a public issue or is in the public interest)."); <u>Price</u>, 195 Cal. App.4th at 971 ("We agree with the Union that Price's defamation and false light claims are based on the content of the flyers that the Union distributed . . . . As such, Price's claims arise from acts in furtherance of the Union's right of free speech."); <u>Ruiz v. Harbor View Community Ass'n</u>, 134 Cal. App.4th 1456, 1467 (2005) (finding that private letters "are similar to private conversations and should be afforded the same protection" under anti-SLAPP statute); <u>Macias v. Hartwell</u>, 55 Cal. App.4th 669, 674 (1997) (private conversations concerning allegedly defamatory "campaign flyer would also be protected under the anti-SLAPP statute."); <u>see also</u> <u>Robins v. Pruneyard Shopping Center</u>, 23 Cal.3d 899, 910 (1979) ("We conclude that sections 2 and 3 of article I of the California Constitution protect

speech and petitioning, reasonably exercised, in shopping centers even when the centers are privately owned."); Van Nuys Pub. Co. v. City of Thousand Oaks, 5 Cal.3d 817, 821 (Cal. 1971) ("The right to 'distribute,' 'pass out,' 'circulate,' or otherwise disseminate ideas and written material has, of course, long been recognized to constitute an integral part of the right of free speech."); Matson v. Dvorak, 40 Cal. App.4th 539, 548 (1995) ("Public discussion about the qualifications of those who hold or who wish to hold positions of public trust presents the strongest possible case for applications of the safeguards afforded by the First Amendment.").

With respect to whether defendant George's alleged conduct was in regard to an issue of public interest, "'[p]ublic interest' within the meaning of the anti-SLAPP statute has been broadly defined to include, in addition to government matters, 'private conduct that impacts a broad segment of society and/or that affects a community in a manner similar to that of a governmental entity.'" Ruiz, 134 Cal. App.4th at 1468 (quoting Du Charme v. International Brotherhood of Electrical Workers, 110 Cal. App.4th 107, 115 (2003)).

Here, the petition allegedly circulated by defendant George sought the removal from office of HCSD chairman Larry Schultz and stated that Schultz was, generally, incompetent, ineffective and/or untrustworthy. The HCSD is a public agency that monitors and services the water use of 140 water users in the Hornbrook Community.[4] (MTS (Doc. No. 18-1) at 2.) The court therefore finds that defendant George's petition was circulated in connection with a matter of public interest. See Pistoresi v. Madera Irr. Dist., No. CV-F-08-843-LJO-DLB, 2009 WL 256755, 11 (E.D. Cal. Feb. 3, 2009) ("A statement or activity is in the public interest when it involves a person or entity in the public eye, or a topic of widespread concern."); Cabrera v. Alam, 197 Cal. App.4th 1077, 1089 (2011) ("In particular, statements made in connection with elections to the board of directors constitute a public issue in that such elections affect all

---

[4] According to the 2010 U.S. Census Bureau, as of 2010, there were only 248 residents of Hornbrook, meaning that the HCSD provided water services for over half the town's residents. See http://factfinder2.census.gov/faces/tableservices/jsf/pages/productview.xhtml?pid=DEC_10_DP_DPDP1.

members of the homeowners association and concern[ ] a fundamental political matter–the qualifications of a candidate to run for office."); Country Side Villas Homeowners Assn. v. Ivie, 193 Cal. App.4th 1110, 1118 (2011) (finding that defendant's speech "against the members of her homeowners' association board and management, on matters that affected all members . . . . was a matter of public concern"); Damon v. Ocean Hills Journalism Club, 85 Cal. App.4th 468, 479 (2000) (finding that statements made in connection with a recall campaign and concerning how 3,000 individuals would be governed "pertained to issues of public interest within the Ocean Hills community."); Macias, 55 Cal. App.4th at 673-74 (flyer circulated in union election affecting 10,000 members involved a public issue).

For the reasons set forth above, the court also finds that with respect to defendant George's circulation of the petition for removal, a prima facie showing has been made that plaintiff's causes of action arise from an act in furtherance of defendant George's right to petition in connection with a public issue or an issue of public interest.

With respect to defendant George's alleged statement to Roger Gifford, the court finds defendant's argument that this statement had "a nexus with the petition" and was therefore "undoubtedly associated with the petition" to be somewhat tenuous. (MTS (Doc. No. 18-1) at 9.) However, when a complaint presents a mixed cause of action that involves both protected and non-protected activities, "the question presented is 'whether the gravamen of the cause of action targets protected activity. If liability is not based on protected activity, the cause of action does not target the protected activity and is therefore not subject to the SLAPP statute.'" City of Colton v. Singletary, 206 Cal. App.4th 751, 767 (2012) (quoting Haight Ashbury Free Clinics, Inc. v. Happening House Ventures, 184 Cal. App.4th 1539, 1550 (2010)). "Stated differently, the question is whether the protected activity is merely an incidental part of the cause of action." (Id.)

Here, it cannot be said that defendant George's circulation of the petition is merely an incident part of plaintiff's causes of action. In fact, his circulation of the petition is the

1  alleged basis of every cause of action presented by plaintiff and is the gravamen of plaintiff's
2  second amended complaint.  (See Sec. Am Compl. (Doc. No. 10) at 4-14.)  In this regard,
3  plaintiff's second amended complaint "seeks a declaration of rights by this Court that the
4  publishing of the statements contained in the document . . . are unprivileged and defamatory . . ."
5  (Sec. Am. Compl. (Doc. No. 10) at 15.)
6         "Where, as here, a cause of action alleges the plaintiff was damaged by specific
7  acts of the defendant that constitute protected activity under the statute, it defeats the letter and
8  spirit of section 425.16 to hold it inapplicable because the liability element of the plaintiff's
9  claim may be proven without reference to the protected activity."  Peregrine Funding, Inc. v.
10 Sheppard Mullin Richter & Hampton LLP, 133 Cal. App.4th 658, 674 (2005).  See also Haight
11 Ashbury Free Clinics, Inc., 184 Cal. App.4th at n.7 ("[W]here the defendant shows that the
12 gravamen of a cause of action is based on nonincidental protected activity as well as
13 nonprotected activity, it has satisfied the first prong of the SLAPP analysis."); Salma v. Capon,
14 161 Cal. App.4th 1275, 1287 (2008) ("A mixed cause of action is subject to section 425.16 if at
15 least one of the underlying acts is protected conduct, unless the allegations of protected conduct
16 are merely incidental to the unprotected activity."); cf. Aguilar v. Goldstein, 207 Cal. App.4th
17 1152, 144 Cal. Rptr.3d 238, 246 (2012) ("The allegations regarding the filing of the Hospital
18 lawsuit are only incidental to plaintiffs' claim that defendants breached their fiduciary duty by
19 putting their own interests ahead of the interests of the shareholders."); Coretronic Corp. v.
20 Cozen O'Connor, 192 Cal. App.4th 1381, 1391-92 (2011) ("[T]he complaint alleges
21 concealment of defendants' representation of E & S while obtaining plaintiffs' sensitive
22 information of benefit to E & S in its lawsuit against plaintiffs.  Any assertedly protected activity
23 is not the root of the complaint; it is merely the setting in which the claims arose.").
24        Accordingly, defendant George has satisfied the first prong of the SLAPP analysis
25 and the burden therefore shifts to the plaintiff to demonstrate a probability of prevailing on his
26 claims.

II. <u>Probability of Prevailing</u>

> To withstand defendant's anti-SLAPP motion, plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited. In deciding the question of potential merit, the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant; though the court does not weigh the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.

<u>Roberts v. McAfee, Inc.</u>, 660 F.3d 1156, 1163 (9th Cir. 2011) (quoting <u>Manufactured Home Communities, Inc. v. Cnty. of San Diego</u>, 655 F.3d 1171, 1176-77 (9th Cir. 2011). "A threshold question as to the probability of success on the merits is whether the statements giving rise to the complaint are actionable at all. The critical determination is whether the allegedly defamatory statements 'convey[ ] a false factual imputation.'" <u>Manufactured Home Communities, Inc.</u>, 544 F.3d at 963 (quoting <u>Kahn v. Bower</u>, 232 Cal. App.3d 1599, 1607 (1991). "If the pleadings are not adequate to support a cause of action, the plaintiff has failed to carry his burden in resisting the motion." <u>Gilbert v. Sykes</u>, 147 Cal. App.4th 13, 31 (2007).

Under California law, to state a prima facie case of defamation, a plaintiff must show (1) "the intentional publication" of (2) "a statement of fact" that (3) is "false" (4) "unprivileged," and (5) "has a natural tendency to injure or which causes special damage." <u>Smith v. Maldonado</u>, 72 Cal. App.4th 637, 645 (1999). <u>See</u> also <u>Eisenberg v. Alameda Newspapers, Inc.</u>, 74 Cal. App.4th 1359, 1385 n. 13 (1999) ("[w]hen a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action.").[5] "To state a claim for

---

[5] As noted above, plaintiff's second amended complaint also alleges causes of action for the negligent infliction of emotional distress and the intentional infliction of emotional distress based on defendant's allegedly defamatory conduct. (Sec. Am. Compl. (Doc. No. 10) at 12.)

11

defamation, Plaintiff must allege facts to support each of the above elements of a defamation claim . . . ." Jones v. Lehigh Southwest Cement Co., Inc., No. 1:12-cv-633 AWI/JLT, 2012 WL 2934530, at *8 (E.D. Cal. July 18, 2012).

> Statements do not imply a provably false factual assertion and thus cannot form the basis of a defamation action if they cannot reasonably be interpreted as stating actual facts about an individual. Thus, rhetorical hyperbole, vigorous epithets, lusty and imaginative expressions of . . . contempt, and language used in a loose, figurative sense have all been accorded constitutional protection. The dispositive question . . . is whether a reasonable trier of fact could conclude that the published statements imply a provably false factual assertion.

Seelig v. Infinity Broadcasting Corp., 97 Cal. App.4th 798, 809 (2002).

Here, in moving to strike, defendant George asserts that plaintiff's second amended complaint fails to state the specific words of the alleged defamatory statements found in the petition and instead merely alleges plaintiff's conclusion that he was somehow portrayed wrongfully. (MTS (Doc. No. 18-1) at 12.) In opposing defendant's motion to strike, plaintiff fails to address defendant's contention in this regard, arguing merely that "[t]he document concerning Plaintiff circulated by Ray George to the citizens of Hornbrook is classic defamation . . ." (Pl.'s Opp.'n (Doc. No. 27) at 8.) Plaintiff also argues that the "language used throughout" the petition "is a long rant against Larry Schultz, Kimberly Olson, and Peter Harrell" that "makes many innuendos of criminal and reprehensible conduct" and "charges that plaintiff has been guilty of acts of dishonesty, subversion, threats to the safety of the Hornbrook community, and has defects of character." (Id.) In his opposition, however, plaintiff fails to identify a single statement of fact found in the petition that is false. Instead, plaintiff's opposition merely refers to the "defamatory statements made" in the petition generally, and in a vague and conclusory manner.[6] (Id. at 2.)

---

[6] In dismissing plaintiff's first amended complaint with leave to amend, the court advised plaintiff that his first amended complaint failed to cite "any specific statement from the attached petition and explain how that statement is false and/or defamatory" and that the first amended

12

Moreover, plaintiff's second amended complaint fails to allege with any degree of specificity a single statement of fact found in the petition that is false. Instead, the second amended complaint merely offers blanket assertions that the petition is false "in its entirety." (Sec. Am. Compl. (Doc. No. 10) at 3.)

In short, both plaintiff's opposition and his second amended complaint fail to identify and allege a specific statement of fact found in the petition that is false. Accordingly, the undersigned finds that plaintiff has failed to make a prima facie showing that there are statements found in the petition that are both false and defamatory. See Carver v. Bonds, 135 Cal. App.4th 328, 344 (2005) (to defeat SLAPP motion "plaintiff had to make a prima facie showing that the challenged statements were both false and defamatory."); see also Manufactured Home Communities, Inc., 655 F.3d at 1177 (noting that the issue was whether plaintiff "made a sufficient prima facie showing that [defendant's] statements were false to carry its burden under the anti-SLAPP statute."); Metabolife Intern., Inc. v. Wornick, 264 F.3d 832, 840 (9th Cir. 2001) (under the anti-SLAPP statute, plaintiff has a burden of proving prima facie falsity); Lipman v. Brisbane Elementary School District, 55 Cal.2d 224, 235 (1961) (finding defective a complaint that failed to "allege either the specific words or the substance of statements attributed to the [defendant] but instead merely alleges the conclusions of the pleader that statements were made which 'intimated and suggested' that plaintiff had done certain wrongful things"); Gilbert v. Sykes, 147 Cal. App.4th 13, 32 (2007) (finding that the allegations of plaintiff's complaint did "not even come close to the specificity required to state an actionable libel claim."); Mann v. Quality Old Time Service, Inc., 120 Cal. App.4th 90, 106-07 (2004) ("To establish a prima facie case for slander, a plaintiff must demonstrate an oral publication to third persons of specified false matter that has a natural tendency to injure or that causes special damage."); Ferlauto v. Hamsher, 74 Cal. App.4th 1394, 1401 (1999) ("To state a libel claim which is not defeated by the

---

complaint "merely characterize[d] the petition in its entirety as 'false, defamatory per se [and as] painting [plaintiff] in [a] false light." (Order June 24, 2011 (Doc. No. 8) at 5-6.)

13

freedom of speech protections of the First Amendment, Ferlauto must allege a statement that is provably false."); Ellenberger v. Espinosa, 30 Cal. App.4th 943, 951 (1994); ("[P]laintiff's complaint is defective because it . . . does not allege either the specific words or the substance of [the] statements . . . but instead merely alleges the conclusions of the pleader that statements were made which 'intimated and suggested' that plaintiff had done certain wrongful things.").

With respect to defendant George's alleged statement to Roger Gifford that plaintiff had been arrested during the summer of 2010 for transporting marijuana for sale between Hornbrook and Medford, in moving to strike defendant argues that plaintiff was in fact arrested on September 22, 2003, for a violation of California Health and Safety Code § 11360(a), which prohibits an individual from transporting, selling, importing or giving away marijuana.[7] (MTS (Doc. No. 18-1) at 13.) In his opposition to the pending motion to strike plaintiff does not dispute defendant's assertion in this regard. Rather plaintiff argues that defendant George's statement to Gifford was nonetheless defamatory because it was "very specific as to time and location" and that no "reasonable person could confuse an incident occurring in 2003 (at an undisclosed location, and which was dismissed prior to even a preliminary hearing) with one supposedly occurring in 2010 at the border of California and Oregon . . ." (Pl.'s Opp.'n (Doc. No. 27) at 22.)

"In all cases of alleged defamation, whether libel or slander, the truth of the offensive statements or communication is a complete defense against civil liability, regardless of bad faith or malicious purpose." Smith v. Maldonado, 72 Cal. App.4th 637, 646 (1999). See

---

[7] In support of his argument, defendant George has filed a request for judicial notice of the Clerk's Docket and Minutes from the Siskiyou County Superior Court showing that plaintiff was arraigned on September 24, 2003, on the charge of violating California Health and Safety Code § 11360(a). (Deedon Decl. (Doc. No. 18-2) at 11.) Although the document in question is unnecessary to the resolution of defendant's motion, a court may take judicial notice of its own files and documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006); BurbankGlendale–Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); Hott v. City of San Jose, 92 F. Supp.2d 996, 998 (N.D. Cal. 2000).

also <u>Innovative Business Partnerships, Inc. v. Inland Counties Regional Center, Inc.</u>, 194 Cal. App.4th 623, 632 (2011) ("A defendant is not liable for defamation if he or she proves the truth of the alleged defamatory statement."). Moreover, "[i]t is sufficient if the defendant proves true the substance of the charge, irrespective of slight inaccuracy in the details, 'so long as the imputation is substantially true so as to justify the 'gist or sting' of the remark.'" <u>Summit Bank v. Rogers</u>, 206 Cal. App.4th 669, 697 (2012) (quoting <u>Smith v. Maldonado</u>, 72 Cal. App.4th 637, 647 (1999). <u>See also</u> <u>Hughes v. Hughes</u>, 122 Cal. App.4th 931, 936 (2004) ("To establish the defense of truth – i.e., that the statement is not false – defendants do not have to prove the literal truth of the statement at issue.").

Here, plaintiff in his opposition not only fails to argue that defendant George's statement to Roger Gifford was materially false, it in fact acknowledges that the statement was substantially true.[8] Accordingly, the undersigned finds that plaintiff has failed to make a prima facie showing that defendant's statement to Roger Gifford was both false and defamatory.

For the reasons set for above, the undersigned finds that plaintiff has failed to demonstrate a probability of prevailing on the challenged causes of action. The undersigned will, therefore, recommend that defendant's motion to strike be granted and that plaintiff's second amended complaint be dismissed.

## LEAVE TO AMEND

"Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988). <u>See also</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.</u>

---

[8] One could certainly argue, as plaintiff suggests, that a statement that he was arrested recently (2010) for transporting marijuana to the local community (Hornbrook in Siskiyou County, CA) was more potentially damaging than a statement that he was arrested in the Fall of 2003 and charged in the Siskiyou County Superior Court with transporting, selling, importing or giving away marijuana. However, the essence of the challenged statement, and clearly the most potentially harmful aspect of it, was that plaintiff had been so arrested and charged, not the specific date or the specific location within Siskiyou County where that arrest took place.

Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

      Here, in dismissing plaintiff's first amended complaint with leave to amend, the court advised plaintiff that the first amended complaint failed to cite "any specific statement from the attached petition and explain how that statement is false and/or defamatory" and that the first amended complaint "merely characterize[d] the petition in its entirety as 'false, defamatory per se [and as] painting [plaintiff] in [a] false light." (Order filed June 24, 2011 (Doc. No. 8) at 5-6.) This noted defect was not cured by plaintiff in his second amended complaint. Thereafter, defendant George argued in his anti-SLAPP motion to strike that the second amended complaint failed to allege "the specific words of the statements" that are alleged to be false. (MTS (Doc. No. 18-1) at 12.) Again, in his opposition to that motion plaintiff nonetheless failed to identify a specific false statement allegedly found in the petition. With respect to defendant's statement to Roger Gifford concerning plaintiff's alleged arrest, plaintiff has acknowledged the substantial truth of defendant's statement. For these reasons, the court finds that granting plaintiff further leave to amend would be futile.

      The court also notes that "the purpose of the anti-SLAPP statute is to provide for a speedy resolution of claims which impinge on speech protected by the First Amendment" and thus in some circumstances "leave to amend is not necessary or appropriate." Smith v. Santa Rosa Democrat, No. C 11-02411 SI, 2011 WL 5006463, at *7 (N.D. Cal. Oct. 20, 2011). See also Flores v. Emerich & Fike, No. 1:05-CV-0291 OWW DLB, 2006 WL 2536615, at *10 (E.D. Cal. Aug. 31, 2006) ("To allow amendment after an anti-SLAPP motion to strike has been granted eviscerates the purpose of the anti-SLAPP statute."); Medifast, Inc. v. Minkow, No. 10-CV-382 JLS (BGS), 2011 WL 1157625, at *17 (S.D. Cal. Mar. 29, 2011) ("[I]t is well settled that Plaintiffs cannot escape the anti-SLAPP procedures simply by amending [their] complaint."); Browne v. McCain, 611 F. Supp.2d 1062, 1068 (C.D. Cal. 2009) ("In addition, since the statutory intent is to provide a quick, inexpensive method of dismissing SLAPP suits,

16

leave to amend is improper."); cf. Verizon Delaware, Inc. v. Covad Communications Co., 377 F.3d 1081, 1091 (9th Cir. 2004) ("[G]ranting a defendant's anti-SLAPP motion to strike a plaintiff's *initial* complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment.") (emphasis added).

Accordingly, for the reasons stated above the undersigned will recommend that plaintiff's second amended complaint be dismissed with prejudice.

## ATTORNEY'S FEES

Under California Code of Civil Procedure § 425.16(c), a defendant who prevails on an anti-SLAPP motion is entitled to recover attorney fees and costs. Here, although defendant's motion seeks an award of costs and attorney fees, defendant's motion does not address the amounts requested in this regard. Accordingly, the court will not recommend the award of costs and fees at this time. In the event that these findings and recommendations are adopted by the assigned District Judge, defendant may file a motion for attorney's fees pursuant to § 425.16(c) and Local Rule 293.[9]

## CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1. Defendant's November 16, 2011 motion to strike (Doc. No. 18) be granted;

2. Plaintiff's July 19, 2011 second amended complaint be dismissed with prejudice; and

3. This matter be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[9] In the event that defendant files a motion for attorney's fees and costs, plaintiff may of course file an opposition to that motion in compliance with the Federal Rules of Civil Procedure and the Local Rules of this court.

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within seven days after service of the objections.  The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: August 22, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\harrell0253.mts.f&rs